THIS OPINION IS A
PRECEDENT OF THE TTAB

Mailed: July 15, 2008

**UNITED STATES PATENT AND TRADEMARK OFFICE**

————

**Trademark Trial and Appeal Board**

————

Life Zone Inc.

v.

Middleman Group, Inc.[1]

————

Opposition No. 91160999
to Application No. 78307830
filed on October 1, 2003

————

Peter M. de Jonge and Gordon K. Hill of Thorpe, North &
Western, for opposer.

James A. Zellinger, Esq. for applicant.

————

**Before Hairston, Mermelstein, and Bergsman, Administrative
Trademark Judges.**

**Opinion by Mermelstein, Administrative Trademark Judge:**

Applicant seeks registration of the mark LIFEZONE

(typed mark) for

> educational services, namely, conducting
> seminars, speeches, workshops, lectures
> and classes in the field of personal
> development, leadership and management,

---

[1] Both parties refer to applicant as "TMMG, Inc. (formerly The
Middleman Group, Inc.)." Nonetheless, there is no indication in
the subject application or in the USPTO's assignments database
that a transfer or change of name has occurred. Neither has
applicant moved to add or substitute TMMG as the defendant.
Accordingly, we continue to consider Middleman Group as the
applicant in this proceeding. Applicant is advised that any
assignment or change of name should be recorded with the USPTO.
Otherwise, any registration which may issue from the subject
application will be issued in the name of Middleman Group, Inc.

> and distributing course materials in
> connection therewith,

in International Class 41.[2]

Life Zone, Inc. filed an opposition to registration, alleging that applicant's mark, when used in connection with the identified services, is likely to cause confusion, to cause mistake, or to deceive in light of opposer's previously used and registered trademarks. Trademark Act § 2(d); 15 U.S.C. § 1052(d). By its answer, Middleman Group, Inc. denied the salient allegations of the notice of opposition.

## I. Record Evidence

Pursuant to Trademark Rule 2.122, the record in this case includes the pleadings and the file of the involved application. During their respective main testimony periods, both opposer and applicant filed notices of reliance. Applicant took the deposition of Randy Moser, applicant's founder and owner. During its rebuttal period, opposer took the deposition of Janeel Henderson, the founder and president of "Life Zone, International."[3] Attached to Ms. Henderson's testimony were a number of exhibits. Finally, each party attached numerous documents to its brief.

---

[2] Alleging a *bona fide* intent to use the mark in commerce.

[3] It is not stated whether Life Zone, International is the same entity as opposer Life Zone, Inc., although the parties appear to tacitly assume that it is. Without deciding the question, we

Each party has raised numerous objections to the evidence proffered by the other. Because of the number and nature of the evidentiary objections, a discussion of the proffered evidence is necessary.

**A. Documents attached to briefs**

Both parties submitted briefs with extensive evidentiary attachments. Exhibits or attachments to briefs are of little or no use in a Board proceeding. The Board sets trial periods during which the parties may submit evidence by filing notices of reliance or by taking testimony. Evidence submitted outside of the trial periods – including that attached to briefs – is untimely, and will not be considered. *See* TRADEMARK BOARD MANUAL OF PROCEDURE ("TBMP") § 704.05(b) (2d ed. rev. 2004)(and cases cited therein). Conversely, evidence which was timely filed during the parties' trial periods need not and should not be resubmitted.[4] *See ITC Entm't Group Ltd. v. Nintendo of Am. Inc.*, 45 USPQ2d 2021 (TTAB 1998). Thus, while exhibits to

---

will do likewise.

[4] Parties to Board cases occasionally seem to be under the impression that attaching previously-filed evidence to a brief (and citing to the attachments, rather than to the original testimony or notices of reliance) is a courtesy or a convenience to the Board. It is neither. When considering a case for final disposition, the entire record is readily available to the panel. Because we must determine whether such attachments are properly of record, Trademark Rule 2.123(l), citation to the attachment requires examination of the attachment and then an attempt to locate the same evidence in the record developed during trial, requiring more time and effort than would have been necessary if citations were directly to the trial record.

briefs are not explicitly prohibited by the Trademark Rules, the Board will usually ignore them, because they comprise either untimely evidence or unnecessary copies of timely evidence.

### B. Notices of Reliance

In a Board proceeding, certain materials may be introduced by filing them, accompanied by a notice of reliance. However, the categories of materials which may be submitted under a notice of reliance are limited, consisting only of an adverse party's discovery deposition, answer to an interrogatory, or admission to a request for admission, Trademark Rule 2.120(j)(3)(i); printed publications;[5] and official records, Trademark Rule 2.122(e).[6] With these principles in mind, we consider the evidence of record.

### 1. Opposer's Notice of Reliance

Exhibit A is a "[p]rintout of Life Zone's Website."

---

[5] "Printed publications" are generally defined as "books and periodicals, available to the general public in libraries or of general circulation among members of the public or that segment of the public which is relevant under an issue in a proceeding...." TBMP § 704.08 (2d ed. rev. 2004) (and cases cited therein). It should further be noted that a printed publication is only admissible for what it shows on its face; unless it falls within an exception to the hearsay rule it will not be considered to prove the truth of any matter stated in the publication. *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1717 n.2 (TTAB 2007).

[6] The Trademark Rules were recently amended. *See* Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72 Fed. Reg. 42,242 (Aug. 1, 2007). Among other changes, Trademark Rule 2.120(j)(3)(i) now permits the submission of written disclosures under a notice of reliance, in addition to the materials noted above. *Id*. at 42,261. However, the relevant amendment applies only to proceedings commenced on or after August 1, 2007, *id.* at

Web pages which are not the equivalent of printed publications are not admissible under a notice of reliance. *Paris Glove of Can. Ltd. v. SBC/Sporto Corp*., 84 USPQ2d 1856, 1858-59 (TTAB 2007); *Raccioppi v. Apogee Inc*., 47 USPQ2d 1368 (TTAB 1998). Nonetheless, in its own notice of reliance, applicant stated that it would rely on the documents submitted by opposer as Exhibits A, J, and M. Accordingly, we treat those exhibits as having been stipulated to be part of the record, although they will not be considered for the truth of the matters asserted therein.

Exhibits B (opposer's brochure), C (materials used by opposer in radio ads and radio interviews), D (examples of opposer's periodic newsletters – without indication that they were circulated), and E (materials used by opposer in seminars and conferences showing topics of discussion), do not appear on their face to be "printed publications," and are therefore inappropriate for submission under a notice of reliance.[7] *See Hunter Publ'g Co. v. Caulfield Publ'g Ltd*. 1 USPQ2d 1996, 1997 n.2 (TTAB 1986) (while subject matter may be of interest to the general public, such materials are not necessarily in general circulation).

_____

42,242, and no written disclosures were made in this case.

[7] Exhibit B is described in the notice of reliance as a "[b]rochure from Life Zone used to provide background information." While this document may be a publication in the broad sense of the word, it does not appear to be a work of general circulation of the type which would be found in libraries, and is thus not a "printed publication" within the

Exhibit F – "[t]estimonials from Life Zone consumers" – are likewise inadmissible. Although opposer argues that "many of the testimonials are in affidavit form, and therefore considered self-authenticating," we disagree.

These statements may not be considered because they do not constitute any of the materials which may be submitted under a notice of reliance. Further, to the extent they are being offered to prove the truth of the matters asserted therein, they are hearsay. Fed. R. Evid. 801(c). While the parties may agree to present testimony by affidavit or declaration, absent such a stipulation (and there is no such stipulation of record), testimony in a Board proceeding must be presented by way of a testimonial deposition, allowing the opposing party an opportunity for cross-examination of the witness. *Boyds Collection Ltd. v. Herrington & Co.*, 65 USPQ2d 2017 (TTAB 2003); *see generally*, Trademark Rule 2.123(a)-(b).

Exhibits G-I purport to offer evidence of opposer's pleaded trademark registrations. The rules in effect for this proceeding address the means for introducing evidence of registrations owned by the offering party:

> (1) A registration of the opposer ... pleaded in an opposition ... will be received in evidence and made part of the record if the opposition ... is accompanied by two copies ... of the registration prepared and issued by the

---

meaning of Trademark Rule 2.122(e).

> [USPTO] showing both the current status of and current title to the registration.  For the cost of a copy of a registration showing status and title, see §2.6(b)(4).
>
> (2) A registration owned by any party to a proceeding may be made of record ... by that party by appropriate identification and introduction during the taking of testimony or by filing a notice of reliance, which shall be accompanied by a copy ... of the registration prepared and issued by the [USPTO] showing both the current status of and current title to the registration.  The notice of reliance shall be filed during the testimony period of the party that files the notice.

Trademark Rule 2.122(d).[8]

Opposer did not include title and status copies of its registrations with its notice of opposition, *see* Trademark Rule 2.122(d)(1), nor did it present its registrations through testimony during its case-in-chief.  Rather, opposer filed plain copies of its registrations under its notice of reliance.  *See* Exh. G-I.  Inasmuch as the submitted documents are not copies "prepared and issued by the [USPTO] showing both the current status of and current title to the registration," they have not been considered.

Exhibits J and K are papers from pending trademark

---

[8] Trademark Rule 2.122(d) was recently amended.  72 Fed. Reg. 42,242, 42,262; *see supra* n.6.  As with the amendment discussed previously, this amendment applies only to proceedings commenced on or after August 31, 2007.  *Id.* at 42,242.  Accordingly, we have applied the rule in effect prior to that date, as quoted above.

applications.  Exhibit J is from opposer's Application Serial No. 78432601.[9]  This application – which appears to have been suspended pending final disposition of the application which is the subject of this proceeding – is admissible as an official record, and in any event was relied upon by applicant.

Exhibit K consists of papers from Application No. 78307830 – the file of the application opposed in this proceeding.  It was unnecessary to introduce this application into evidence under a notice of reliance because the file of the subject application is part of the record by operation of the Rules.  Trademark Rule 2.122(b)(1).

Exhibit L, applicant's responses to opposer's interrogatories, is admissible.  Trademark Rule 2.120(j)(3)(i).  On the other hand, Exhibits O and P, applicant's responses to opposer's requests for admission, are not.  Trademark Rule 2.120(j)(3)(i) permits submission under a notice of reliance of "an <u>admission</u> to a request for admission." (emphasis added.)  In this case, applicant denied each of opposer's requests for admission, and opposer's denials are not admissible.[10]

---

[9] For the mark LIFE ZONE for "educational services, namely, conducting seminars and consulting in the field of nutritional supplements, skin care products, cosmetics, health and fitness, marketing, accounting, and management."  Filed June 9, 2004, based on an allegation of first use as of February 13, 1981, and use in commerce as of April 1, 1981.

[10] Moreover, unlike an admission (or a failure to respond which

8

On the other hand, applicant's responses to opposer's request for production of documents – Exhibits M (applicant's production of documents) and N (applicant's responses to opposer's requests for production) – may not normally be submitted by notice of reliance, Trademark Rule 2.120(j)(3)(ii), and are therefore inadmissible under our rules. Nonetheless, because applicant has noted its reliance on Exhibit M, we consider the admission of that exhibit to have been stipulated.

Finally, submission of Exhibit Q, the Board's order of April 19, 2007,[11] was unnecessary as it is already part of the record, although it is not considered evidence of anything other than the course of this case.

### 2. Applicant's Notice of Reliance

As noted, applicant submitted a notice of reliance. Exhibit A is a title and status copy of Registration No. 1753895,[12] which is admissible.

---

constitutes an admission), the denial of a request for admission establishes neither the truth nor the falsity of the assertion, but rather leaves the matter for proof at trial. *Cf.* Fed. R. Civ. P. 36(b).

While applicant's responses to opposer's interrogatories are admissible, they yield little useful information. Nevertheless, we will give them whatever probative value they may have.

[11] We note applicant's reiterated complaint, App. Br. at 3, about the Board attorney's ruling (twice adhered to on reconsideration) during discovery denying applicant's counsel access to opposer's confidential information because he had served as an officer of the applicant corporation during incorporation. We are aware that counsel's participation in that role does not continue. Nonetheless, we see no reason to disturb the ruling.

[12] For the mark THE LIFE ZONES SYSTEMS for "brochures, booklets,

Applicant has also submitted, as Exhibit C to its notice of reliance, what appear to be a number of pages of search summary results for a search of the term "LifeZone" from the Ask.com and Dogpile web sites, as well as nine pages from several websites. However, internet materials of this type are not appropriate for introduction under a notice of reliance. *Paris Glove*, 84 USPQ2d at 1858-59. Moreover, even if considered, the search summary has little or no probative value. *In re Bayer Aktiengesellschaft*, 82 USPQ2d 1828, 1933 (Fed. Cir. 2007). Most results on these hit lists provide only a few words surrounding the term LifeZone, and some do not seem to include the term at all, so there is little or no context to the excerpts.

Exhibit D to applicant's notice of reliance comprises several pages of "[a]pplicant's recently created marketing material." These documents may not be submitted by way of a notice of reliance because they are not printed publications; there is no indication of whether or when they were published, and in what publication.

---

and workbooks in the field of health and self-development" in International Class 16, and "conducting individual and group seminars in the field of health and self-development, including the use of audio tapes," in International Class 41. Registered to Life Zones Services, Inc. (no relation to either party to this case), February 23, 1993. Cancelled for failure to file an affidavit pursuant to Trademark Act § 8, August 30, 1999.

  Because this is a third-party registration, it was unnecessary to introduce it by providing a title and status copy prepared by the USPTO. A plain copy from the USPTO's electronic database would have sufficed.

Finally, applicant submitted the testimonial deposition of Mr. Randy Moser, identified as the "founder and owner" of applicant. Mr. Moser's testimony is admissible, although it was unnecessary to submit it under a notice of reliance. *See* Trademark Rule 2.123 (taking and filing trial testimony).

### C. Opposer's Rebuttal Testimony

Lastly, during the time set for rebuttal, opposer presented the testimony of its founder and president, Janeel Henderson. A number of documents were identified and attached to Ms. Henderson's testimony. Applicant objected to the testimony (and the documents introduced with it) both during the Henderson deposition and in its brief, on the ground that the testimony was improper rebuttal, and should be stricken. Opposer responds that the Henderson testimony was only presented to respond to and to rebut the testimony of applicant's witness, Randy Moser, and his "assertions regarding Life Zone's business practices and corporate structure," and cites a number of examples where Mr. Moser allegedly mischaracterizes opposer's products and customers. Reply Br. at 6-8.

There are three problems with opposer's argument. First, it is opposer which bears the burden of proof in this proceeding. That generally includes the burden of proving what registrations or common-law trademarks it owns, the

11

goods and services on or in connection with which it uses its mark, its channels of trade, its classes of customers, and any other information necessary to prevail. In other words, it was incumbent upon opposer to come forward with admissible evidence of these matters during its case-in-chief.

It is axiomatic that rebuttal testimony may be used only to rebut evidence offered by the defendant. *Wet Seal Inc. v. FD Mgmt. Inc.*, 82 USPQ2d 1629 (TTAB 2007)(rebuttal evidence proffered because defendant would not concede issues during cross-examination stricken). Opposer claims that Mr. Moser's testimony improperly characterized opposer's business, "opening the door" to opposer's rebuttal testimony. But if this is true, that door opened onto a nearly empty room, because opposer had put little in it to begin with.[13]

Second, opposer argues that its rebuttal testimony was necessary to rebut the allegedly incorrect opinions and suppositions about opposer's business made by Mr. Moser in testimony. To the extent Mr. Moser's testimony offered mere opinions or suppositions about applicant's business (as opposed to facts of which he had first-hand knowledge), or offered opinions on the merits of this case, we have given

---

[13] We refer, of course, to the quality of opposer's admissible evidence submitted during its case-in-chief, as well as its quantity.

it no weight.  The Board must consider the admissible evidence and draw its own conclusions.  While such testimony may be objectionable, it did not provide opposer with an opportunity to resuscitate its case by presenting essential evidence during rebuttal.  Instead, the appropriate remedy is to request that the Board disregard any hearsay testimony, or that which is based on supposition or unsupported opinion, which we have done.

Finally, even if Ms. Henderson's testimony had been offered to rebut "admissible assertions regarding Life Zone's business practices and corporate structure," the testimony went well beyond what would have been necessary to correct Mr. Moser's alleged misstatements.  A plaintiff may not present its case-in-chief in rebuttal merely because the defendant denies that the plaintiff has made its case during its case-in-chief.

Because it comprises inappropriate rebuttal, we grant applicant's motion to strike the testimony of Janeel Henderson, and the documents proffered with it.[14]  They have been given no further consideration.

### D.  Summary of Evidence

To summarize our evidentiary rulings, Exhibits A, J, K, L, M, O, and P to opposer's notice of reliance are

---

[14] While we do not specifically address the documents proffered with opposer's rebuttal testimony, we note that many of them present evidentiary issues similar to those discussed with regard

13

admissible, as is Exhibit A to applicant's notice of reliance and the testimony of Randy Moser.  All have been considered for whatever probative weight they are due.  We accordingly focus the remainder of our discussion on this evidence.  Arguments in the parties' briefs based on inadmissible evidence have been given no consideration.

## II.  Discussion

### A.   Standing

As noted above, the record includes evidence of opposer's pending Application No. 78432601, for LIFE ZONE for "educational services, namely, conducting seminars and consulting in the field of nutritional supplements, skin care products, cosmetics, health and fitness, marketing, accounting, and management," claiming use of the mark in commerce "[a]t least as early as 04/01/81."  The '601 application was filed subsequent to the subject application, and opposer's evidence indicates that the examining attorney cited the subject application as a potential bar to registration, and that prosecution of the '601 application has been suspended pending final disposition of the subject application.

Opposer's evidence of its pending trademark application, and evidence that the application has been suspended pending resolution of the subject application

---

to other evidence.

demonstrate that opposer has a reasonable belief that it would be damaged by registration of applicant's mark, thus establishing its standing. *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842 (Fed. Cir. 2000); *Lipton Indus., Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 213 USPQ 185 (CCPA 1982).

**B.    Grounds for Opposition**

In an opposition, the opposer bears the burden of proving by a preponderance of the evidence a substantive ground for refusal to register the subject trademark. In a likelihood of confusion case under Trademark Act § 2(d), this burden requires an opposer to prove that it has some prior trademark right and that applicant's mark is likely to cause confusion with that trademark. As noted above, opposer failed to submit admissible evidence of its trademark registrations, and we accordingly dismiss opposer's claims that registration of applicant's mark will lead to a likelihood of confusion with opposer's pleaded registrations.[15]

While opposer has not proved ownership of a trademark registration, the Trademark Act permits opposition on the

---

[15] Although applicant mentions opposer's registrations in its brief, it does not clearly admit that the title of any such registrations is in opposer or that the registrations are currently valid and subsisting. Thus, this is not a situation where we can say that applicant has admitted that the pleaded registrations are owned by opposer and are currently valid and subsisting.

basis of prior use of "a mark or trade name previously used in the United States by another and not abandoned," Trademark Act § 2(d), *i.e.* ownership of a common-law trademark right. But because unregistered marks are not entitled to the presumptions established by statute, *see* Trademark Act § 7(b)-(c), it is opposer's burden to demonstrate that it owns a trademark, which was used prior to applicant's mark, and not abandoned. *See* Trademark Act § 2(d).

Unfortunately for opposer, there is very little record evidence of its common-law trademarks and no evidence of its priority of use. While some evidence of the content of opposer's website is properly of record (only because of applicant's reliance on it), we consider such material only for what it shows on its face, and not for the truth of any matters asserted therein. *Sports Auth. Mich. Inc. v. PC Auth. Inc*., 63 USPQ2d 1782, 1798 (TTAB 2001); TBMP § 704.08 ("Even if properly made of record, however, ... Internet printouts[] would only be probative of what they show on their face, not for the truth of the matters contained therein, unless a competent witness has testified to the truth of such matters."). Thus, while this evidence shows that such a website exists, it is not evidence that opposer is using its mark on any goods or services displayed or

16

discussed on the site.[16]

Opposer's pending use-based Application No. 78432601, for "educational services, namely, conducting seminars and consulting in the field of nutritional supplements, skin care products, cosmetics, health and fitness, marketing, accounting, and management," is also of record. The application recites opposer's first use of LIFE ZONE in connection with these services in 1981. However, opposer's recitation of dates of use in its application does not constitute evidence of opposer's use or priority:

> The allegation in an application for registration, or in a registration, of a date of use is not evidence on behalf of the applicant or registrant; a date of use of a mark must be established by competent evidence. Specimens in the file of an application for registration, or in the file of a registration, are not evidence on behalf of the applicant or registrant unless identified and introduced in evidence as exhibits during the period for the taking of testimony.

Trademark Rule 2.122(b)(2). While either party may rely without further proof upon the filing date of its application as a "constructive use date" for purposes of priority, *see* Trademark Act § 7(c) (contingent upon

---

[16] Even if opposer's web pages were considered to constitute evidence of the matters asserted therein, the only mention of opposer's alleged educational services is on the web page, http://lifezone.com/education.html (November 19, 2004). Plaintiff's Notice of Reliance, Exh. A, LZ0000226. But this page does not indicate that opposer has ever performed such services and if so, when.

registration); *Levi Strauss & Co. v. R. Josephs Sportswear Inc.*, 36 USPQ2d 1328, 1332 (TTAB 1994), opposer's '601 application was filed on June 9, 2004, well after the October 1, 2003, filing date for applicant's subject application, and thus provides no basis for opposer's priority.

Finally, we note that during the Moser testimony deposition and in applicant's brief, applicant seemed to admit – or at least assumed – that opposer uses its mark for "nutrition, diet, wellness, vitamins, cosmetics, skin, beauty type of, you know, consumer type products."[17] *See* Moser Test. unnumbered page;[18] App. Br. at 3 ("These documents submitted by Opposer, while bearing on Opposer's use of the mark in other unrelated classes, lacks any bearing on the use of the mark in the applicable class, or for that matter, any services whatsoever."),[19] ("Opposer's product [sic] are primarily sold by distributors and by

---

[17] Applicant consistently and adamantly denied opposer's claim that opposer uses its mark in connection with any services, and particularly in connection with educational services.

[18] *See* Trademark Rule 2.123(g)(1)("The pages of each deposition must be numbered consecutively").

[19] Applicant argues that use of LIFE ZONE with a different class of goods or services cannot be relevant. While we do not reach the merits of this case, this is an incorrect statement of law. "The fact that goods are found in different classes has no bearing on the question of likelihood of confusion." *In re Sailerbrau Franz Sailer*, 23 USPQ2d 1719, 1720 (TTAB 1992). Although the relationship (if any) of the goods and services is an important factor, *see In re E.I. du Pont de Nemours and Co.*, 476 F.2d 1357, 177 USPQ 563, 567 (CCPA 1973) (factor #2), their classification is not.

mail...." and "Opposer is not the only user of its mark or any variation thereof....").[20]

But even if applicant admitted to opposer's use of LIFE ZONE on some goods, it is ultimately of no help to opposer, because opposer has not proven (nor has applicant admitted) when such use commenced. Unlike a case in which opposer properly introduces trademark registrations into the record, *see King Candy Co. v. Eunice King's Kitchen, Inc.*, 496 F.2d 1400, 182 USPQ 108 (CCPA 1974), it was opposer's burden to prove its priority of use by a preponderance of the evidence. Without testimony or other evidence on this point, we cannot presume that opposer's use predates the filing date of the subject application, or indeed whether it even predates the filing of this opposition proceeding.

V.   **Conclusion**

After careful consideration of the proffered evidence and the parties' briefs, we conclude that opposer has failed to establish its priority, which is a necessary element of any claim under Trademark Act § 2(d). We need not reach the merits of this claim because without proof of priority, opposer cannot prevail.

**Decision:** The opposition is DISMISSED.

---

[20] We consider these statements even though they express applicant's opinion or beliefs about opposer's business, but we do so only to the extent that they admit opposer's allegations.